IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA DEL ERICKSON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. BRADLEY, T.R. MORGAN, DAVID J. WILLIAMS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:19-CV-116 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Joshua Del Erickson's ("Erickson") Motion for Official Service of Process and Motion for Appointment of Counsel. For the reasons discussed below, the Court will deny both motions and dismiss this case.

I. BACKGROUND

Erickson, a pro se Plaintiff, filed his Complaint on October 8, 2019, after receiving permission to proceed *in forma pauperis*.[1] In his Complaint, Plaintiff names Assistant Attorney General John W. Bradley, District Court Commissioner T.R. Morgan, and Judge David J. Williams of the Second District Court of Utah as Defendants in this case.[2]

Plaintiff alleges that these individuals violated his Constitutional rights as provided by the Eighth, Thirteenth, and Fourteenth Amendments and also claims that Defendants have violated Article Six of the Constitution.[3] In essence, the allegations found in Plaintiff's Complaint assert that Plaintiff is being falsely punished for failure to pay child support and that this punishment

---
[1] Docket No. 3, at 2.
[2] *Id.*
[3] *Id.* at 3–5.

1

has caused mental, physical, and financial injury.[4]  Plaintiff seeks declaratory and injunctive relief in addition to compensatory and punitive damages as a result of these claims.[5]

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has no constitutional right to counsel.[6]  However, "the court may request an attorney to represent any person unable to afford counsel."[7]  When appointing counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[8]

Considering these factors, the Court will deny Plaintiff's Motion for Appointment of Counsel.  First, as is further discussed below, Plaintiff's claims are not meritorious.  Second, Plaintiff appears to have the ability to present his claims.  Finally, the legal and factual issues presented are not complex.  Therefore, the Court will deny Plaintiff's Motion for Appointment of Counsel.

## III. MOTION FOR OFFICIAL SERVICE OF PROCESS

28 U.S.C. § 1915 provides that "a court shall dismiss a case [brought *in forma pauperis*] at any time if the court determines that . . . the action . . . fails to state a claim on which relief

---

[4] *Id.* at 6.

[5] *Id.*

[6] *See Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[7] 28 U.S.C. § 1915(e)(1).

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)); *accord McCarthy v. Weinberg*, 753 F.2d 836, 838–39 (10th Cir. 1985).

may be granted; or seeks monetary relief against a defendant who is immune from such relief."[9] If it does, the Court "is obligated to dismiss his complaint sua sponte under § 1915(e)(2)'s screening mechanism."[10]

A.  PROSECUTORIAL IMMUNITY

"[S]tate attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under § 1983."[11] This absolute immunity "allows prosecutors and those performing equivalent functions to perform their quasi-judicial tasks absent the threat of retaliatory . . . litigation."[12] The determinative factor when considering whether absolute immunity will apply is advocacy for the state "because that is the prosecutor's main function."[13]

In applying this standard, this Court per the Honorable Clark Waddoups, found that Assistant Utah Attorneys General that represented the Office of Recovery Services were entitled to absolute immunity. In explanation, Judge Waddoups concluded that "Plaintiff's allegations . . . all relate[d] directly to actions taken while advocating for the State of Utah in child support enforcement proceedings."[14] As a result, they were entitled to immunity.

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Judy v. Obama*, 601 F. App'x 620, 623 (10th Cir. 2015).

[11] *Woodford v. Robillard*, No. 2:11-CV-370 CW, 2012 WL 1156400, at *3 (D. Utah Apr. 6, 2012) (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted); *see also Imbler v. Pachtman,* 424 U.S. 409, 420 (1976).

[13] *Woodford,* 2012 WL 1156400, at *3 (internal quotation marks omitted).

[14] *Id.*

The same is true here. As stated in Plaintiff's Complaint, Assistant Attorney General Bradley "represented the State"[15] in his position as an advocate for the Office of Recovery Services.[16] As such, the Court will dismiss the claims against Bradley because he is entitled to prosecutorial immunity.

B.  JUDICIAL IMMUNITY

The Supreme Court has long recognized "that, generally, a judge is immune from a suit for money damages"[17] Additionally, the Tenth Circuit has recognized that this "absolute immunity available to judges has been extended, under the rubric of quasi-judicial immunity, to other officials who perform functions closely associated with the judicial process,"[18] including commissioners.[19] Absolute judicial immunity "is a general principle of the highest importance to the proper administration of justice."[20] This principle allows "a judicial officer, in exercising the authority vested in him, [to] be free to act upon his own convictions, without apprehension of personal consequences to himself."[21]

---

[15] Docket No. 3, at 2.

[16] Docket No. 3-1, at 1–2.

[17] *Mireles v. Waco*, 502 U.S. 9, 9 (1991).

[18] *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (citing *Dahl v. Dahl*, 774 F.3d 623, 630 (10th Cir. 2014)); see also *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.") (internal quotation marks omitted).

[19] *Thomas v. Palacios*, 73 F.3d 374, at *1 (10th Cir. 1995) (unpublished table decision) (holding that quasi-judicial immunity applies to a Commissioner who is authorized to enter judgements, impose sentences, and issue warrants for arrest).

[20] *Mireles*, 502 U.S. at 10 (internal quotation marks omitted).

[21] *Id.* (internal quotation marks omitted).

Following this standard, both Commissioner Morgan and Judge Williams are entitled to absolute immunity. According to Plaintiff's Complaint, both Morgan and Williams were acting in judicial functions as they were present at the State Courthouse "in robes, representing the County."[22] As there is no further contention asserted by Plaintiff concerning the nature of Defendants' actions, the Court finds that Defendants Morgan and Williams are entitled to absolute judicial immunity, and the claims against them will be dismissed.

C.   *ROOKER-FELDMAN* DOCTRINE

The *Rooker-Feldman*[23] doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[24] "This doctrine has a narrow scope, however, and applies only when a state court judgment is final."[25] Although Plaintiff's Complaint only attaches an Order for a Bench Warrant, Plaintiff's claims go beyond this single order. Plaintiff lists facts of previous orders relating to other encounters with the Office of Recovery Services and Assistant Attorney General Bradley.[26] To the extent that the Plaintiff's claims concern a final judgment from the state court, these claims must be dismissed for lack of jurisdiction.

---

[22] Docket No. 3, at 2.

[23] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[24] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotation marks omitted).

[25] *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013).

[26] Docket No. 3, at 4 (explaining that money has been garnished from Plaintiff's account and that unattainable stipulations have been placed on him).

D.  *YOUNGER* ABSTENTION DOCTRINE

To the extent that the underlying state action is ongoing, the Court must dismiss Plaintiff's claims for lack of jurisdiction under the *Younger* doctrine.[27] The *Younger* doctrine bars a Plaintiff's claims from federal court if:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[28]

"Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[29]

First, there appears to be an ongoing state proceeding in which a bench warrant has been issued against Plaintiff.[30] Second, to the extent that Plaintiff takes issue with claims pertaining to the bench warrant in the state proceeding, the legal issues related to family law should be addressed in state court and, thus, an adequate forum is available to the Plaintiff. Additionally, Plaintiff fails to allege facts to "support any contention that the state proceedings do not allow an adequate opportunity to litigate federal constitutional issues."[31] Therefore, the state court provides an adequate forum for all of Plaintiff's claims. Third, although the specific claims listed in Plaintiff's Complaint are federal constitutional issues, "the state proceedings at issue in

---

[27] *Younger v. Harris*, 401 U.S. 37 (1971).

[28] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotation marks omitted).

[29] *Id.*

[30] Docket No. 3-1.

[31] *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018).

6

this case implicate important state interests."[32]  "[T]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States."[33]

As such, all of the required conditions are met, and the Court must abstain from this case unless Plaintiff can overcome the "heavy burden" of the *Younger* doctrine "by setting forth more than mere allegations" of an extraordinary circumstance.[34]  The Supreme Court has recognized three circumstances which are so "exceptional" so as to overcome a court's abstention from a case.[35]  These narrow exceptions are: (1) when there is a showing of bad faith or harassment, (2) when there is prosecution under a statute that is flagrantly and patently unconstitutional, or (3) when there are other extraordinary circumstances that involve irreparable injury.[36]  Plaintiff's Complaint asserts nothing more than mere allegations of bad faith and irreparable harm.  As such, the Court finds that Plaintiff has not met the heavy burden required to overcome the *Younger* doctrine.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Official Service of Process and Motion for Appointment of Counsel (Docket Nos. 4 and 5) are DENIED.

---

[32] *Id.*

[33] *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992).

[34] *Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013) (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)).

[35] *Phelps*, 122 F.3d at 889.

[36] *Younger*, 401 U.S. at 50; *see also Wilson* 527 F. App'x at 744; *Phelps*, 122 F.3d at 889; *Schwab v. Kansas*, 691 F. App'x 511, 515 (10th Cir. 2017).

DATED this 3rd day of December, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge